IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WEST COAST DISTRIBUTING, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:07-CV-1869-O |
| | § | |
| ADAM PEARCE, an individual | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Default Judgment ("Pl.'s Mot.") filed June 19, 2009 (Doc. # 18).  Having reviewed the motion, the relevant filings, and the applicable law, the Court finds as follows.

**I.    BACKGROUND**

This action arises for enforcement of statutory trust provisions of PACA and conversion pursuant to the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. §499a et seq. *Pl's Compl.* at 2 (Doc #1).  Plaintiff, West Coast Distributing, Inc., ("Plaintiff") is a corporation organized and doing business under the laws of Delaware, with its principal place of business in Massachusetts. *Id.* at 1.  Defendant, Adam Pearce ("Defendant") is a resident of Texas. *Id.*  Upon review of the pleadings in the present case, the Court finds it necessary to detail the history of the present case as well as Plaintiff's previous ligation for these claims.

On November 9, 2007, Plaintiff filed this lawsuit based on a civil action arising under Section 2(4) of the PACA, as amended [7 U.S.C.  § 499b(4)] (federal question) and pursuant to 28 U.S.C. § 1331 (diversity of citizenship). *See Pl.'s Compl.* (Doc # 1).  On that same day, the

1

Clerk of the Court issued a summons. *See* Doc #2. Defendant's Request for Clerk's Entry of Default Against Adam Pearce was denied due to improper service so the Clerk of the Court re-issued a summons on May 19, 2008 (Doc #9). On July 10, 2008 Plaintiff requested alternative service after failed attempts to serve Adam Pearce (Doc #10). On September 15, 2008 the Court partially granted leave for alternate service, authorizing Plaintiff to serve Defendant Adam Pearce by affixing the summons and complaint to the door of Mr. Pearce's last known place of residence, 2217 Ivan Street, #206, Dallas, Texas 75201 and mailing to his attention a copy of the summons and complaint via first class mail. (Doc #11). On May 1, 2009, Plaintiff filed with the Court a Notice of Substitute Service. (Doc #14). *Id*. Defendant did not file an answer or other responsive pleading within twenty (20) days of the September 18, 2008 date of alternate service. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Plaintiff filed a Request for Entry of Default by the Clerk on May 22, 2009. *See* Doc #16. The Clerk of the Court made an Entry of Default Against Defendant on May 27, 2009. *See* Doc #17. Plaintiff now seeks a default judgment in monetary relief for actual damages and attorney's fees. *Pl.'s Mot.* at 2 (Doc #18).

      A.      **Prior Litigation – Judge Fitzwater**

Prior to the present litigation, Plaintiff initiated a lawsuit against an entity known as Adam and Abraham, Inc. on July 20, 2006, alleging breach of contract, breach of fiduciary duty to pay under PACA, and enforcement of a statutory trust under PACA. *Pl.'s Compl.* at 2-6 (Doc #1) (3:06-CV-1292-D) (N.D. Tex. July 20, 2006) (J. Fitzwater). Tellingly, Plaintiff's complaint indicated that process could be served upon its resident agent, Adam Pearce. *Id*. at ¶ 2.

Plaintiff alleged that in a series of transactions from November 2005 through February 2006, it shipped and delivered to Adam and Abraham Inc. perishable agricultural commodities as

2

reflected in the invoices and bills. *See Id., Pl.'s Compl.* at 2*, see also* Ex. A. It was further alleged that Adam and Abraham Inc. accepted said shipments but never paid the sums due even after demands were made for said payments. *Id*. As a direct and proximate cause of Defendant's wrongful acts, Plaintiff alleges to have suffered a loss of $103, 980.82, which qualify for protection under PACA. *Id*. Ultimately, Judge Fitzwater entered default judgment and awarded damages to Plaintiff in the amount of $103,980.82, plus court cost, interest, and attorney's fees. *Id*; (3:06-CV-1292-D) (N.D. Tex. Mar. 5, 2007) (J. Fitzwater).

### B.     Present Litigation

On November 9, 2007, Plaintiff West Coast initiated the present action against Defendant Adam Pearce individually alleging conversion and enforcement of a statutory trust under PACA as Pearce was the statutory trustee of the PACA trust assets. 7 U.S.C.§ 499; 7 C.F.R. §46.46; *Pl.'s Compl*. at 3-5.

The enforcement of statutory trust provisions of PACA claim is identical to the previous litigation. *Cf. Pl.'s Compl.* at 5-6, Doc. #1 (3:06-CV-1292-D) (N.D. Tex. July 20, 2006) (J. Fitzwater) and *Pl.'s Compl.* at 3-5, Doc. #1 (3:07-CV-1869-O) (N.D. Tex. Nov. 9, 2007) (J. O'Connor). Plaintiff further contends Defendant Adam Pearce has committed conversion by exercising dominion and control over funds belonging to Plaintiff. *Pl.'s Compl.* at 5. In the present case, Plaintiff seeks damages identical to what were awarded by Judge Fitzwater in the previous litigation. *Id.*

With this history in mind, the Court proceeds to consider the present motion.

### II.     LEGAL STANDARD

An entry of a default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). In order to obtain a default judgment, a plaintiff may apply to the clerk of the court or to the Court. *See* FED. R. CIV. P. 55(b). In the instant case, Plaintiff applied to the Court. (Pl's. Mot.). The Court must first determine whether entry of default is warranted before determining whether a default judgment should be entered. FED. R. CIV. P. 55(b); *See also New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

The Fifth Circuit has held that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Based on that legal premise, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A default judgment is generally committed to the discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

### III.   DISCUSSION

Before determining the present motion for default judgment, the Court finds that the similarity of the present litigation with the prior case presided over by Judge Fitzwater necessitates an assessment of whether the preclusive principles of *res judicata* apply to this case.

*Res judicata* precludes the re-litigation of claims which have been fully adjudicated or arise out of the same subject matter and that could have been litigated in the prior action. Generally, *res judicata* is an affirmative defense that must be pleaded, not raised *sua sponte*. FED. R. CIV. P. 8(c). However, a court may *sua sponte* consider *res judicata*: (1) where both

4

actions are brought in courts of the same district; or (2) in situations in which all relevant data and legal record are before the court and demands of comity, continuity in law, and essential justice mandate judicial invocation of *res judicata* principles. *Cisco Systems, Inc. v. Alcatel USA, Inc.*, 301 F. Supp. 2d 599, 602 (E.D. Tex. 2004), citing *Mowbray v. Cameron County, Tex.*, 274 F.3d 269, 281 (5th Cir. 2001). In this case, both actions were brought in the Northern District of Texas and this court has access to all relevant data and legal records from the first action.

In the Fifth Circuit, *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner,* 37 F.3d 193, 195 (5th Cir.1994). The Court will consider each of these factors in turn.

### a.     Same Party

To satisfy the identity element of *res judicata*, strict identity of parties is not necessary. *Russell v. SunAmerica Securities, Inc*., 962 F.2d 1169, 1172 (5th Cir. 1992). All that is necessary is the existence of privity between the non-party defendants and the named defendant. *Id.* at 1173. Privity is simply the "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Vasquez v. Bridgestone/Firestone, Inc*., 325 F.3d 665 (5th Cir. 2003) citing *Southwest Airlines, Inc. v. Texas Int'l Airlines*, *Inc.,* 546 F.2d 84, 95 (5th Cir. 1977). Parties are said to be in privity, for preclusion purposes, when they share an identity of interests in the "basic legal right that is the subject of litigation." *In re Erlewine*, 349 F.3d 205, 210 (5th Cir. 2003)

Generally, a nonparty may be considered to be in privity with a party for claim or issue preclusion purposes if it is: (1) a non-party who controlled the original suit; or (2) a non-party who has succeeded to a party's interest in property; or (3) a non-party whose interests were represented adequately by a party in the original suit. *Getty Oil Co. v. Ins. Co. of North America*, 845 S.W.2d 794, 800; *Southwest Airlines Co. v. Texas Intern. Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir.1977).

In the present case, the parties or those in privity with them are identical in both suits. The Plaintiff is the same in both suits. *Compl.* at 1 (Doc #1). Additionally, the present Defendant, Adam Pearce, was likely in privity with Adam and Abraham, Inc., the defendant corporation in the previous litigation, because he was the president of the defendant corporation and oversaw all day to day operations. *See Pl.'s Compl.* at 1-2 (Doc #1) (3:06-CV-1292-D) (N.D. Tex. July 20, 2006) (J. Fitzwater). Further, the principal place of business for Adam and Abraham, Inc., in the previous case was identical to the address listed by Plaintiff for its registered agent, Adam Pearce. *Id.* Given the proximity of the connection between Defendant Adam Pearce and Defendant Adam and Abraham, Inc. in the previous litigation, the Court concludes privity exists for claim preclusion purposes.

### b. *Court of Competent Jurisdiction*

The prior judgment was rendered by a court of competent jurisdiction. (3:06-CV-1292-D)(N.D. Tex. Mar. 5, 2007) (J. Fitzwater). This factor needs no analysis.

### c. *Final Judgment on the Merits*

A default judgment is a final judgment on the merits and has a preclusive effect under *res judicat*a. *See Morris v. Jones*, 329 U.S. 545, 550-51 (1947). Default judgment was entered in the previous action. See Doc. # 16 (3:06-CV-1292-D) (N.D. Tex. Mar. 5, 2007) (J. Fitzwater).

      *d.*  *Same Cause of Action*

The final element for the application of *res judicata*, is involved in both suits, as established by the Plaintiff's pleadings. *Pl.'s Comp.* Doc. #1 (3:07-CV-1869-O) (N.D. Tex. Nov. 9, 2007) (J. O'Connor). To determine if the two cases involve the same cause of action, the Fifth Circuit looks to the transactional test. *Cisco Systems*, 301 F. Supp. 2d at 602. The critical determination under this test is whether the two actions under consideration are based on the same nucleus of operative facts. *Id*. In other words, if the "factual scenarios of the two actions parallel, the same cause of action is involved in both." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.,* 20 F.3d 663, 665 (5th Cir. 1994). A party may not avoid the preclusive affect of *res judicata* by merely asserting a new theory or a different remedy to the same sets of facts. *See Robinson v. National Cash Register Co.,* 808 F.2d 1119, 1124-25 (5th Cir. 1987). The nucleus of facts defines the claim rather than the legal theory posed or recovery sought. *Id.*

In the instant case, Plaintiff's current action seeks the exact same damages as the first action and seems to be based on the same violation of PACA. *Cf. Pl.'s Compl.* Doc. #1 (3:06-CV-1292-D) (N.D. Tex. July 20, 2006) (J. Fitzwater) and *Pl.'s Compl.* Doc. #1 (3:07-CV-1869-O) (N.D. Tex. Nov. 9, 2007) (J. O'Connor). Furthermore, Plaintiff's only evidence relating to damages in the current action is the default judgment for the first action. *Pl. Mot.* at 2.[1] Nothing

---

[1] Plaintiff likely could have argued *res judicata* on his behalf, thus holding Defendant liable for the first judgment without proving damages. *See Dudly v. Smith*, 504 F.2d 979, 982-83 (5th Cir. 1974) (where evidence supported finding that president and de facto sole shareholder of corporation was its alter ego and therefore liable for unsatisfied judgment entered against it, president was so in privity with corporation that judgment against corporation was *res judicata* as to president, and no re-litigation of substantive issues of liability and damages were required before president could be held for corporation's debts).

in the case has changed except Plaintiff has revised some of its legal theories from breach of contract and breach of duty to pay to conversion. Both lawsuits, however, arise from the same PACA statutory trust violation. *See Pl.'s Compl.* Doc. #1 (3:06-cv-1292-D)(N.D. Tex. July 20, 2006, J. Fitzwater) and *Pl.'s Compl.* Doc. #1 (3:07-CV-1869-O) (N.D. Tex. Nov. 9, 2007) (J. O'Connor). Plaintiff should have advanced all possible causes of action in the first lawsuit instead of waiting to do it with this second lawsuit. *See Nilsen*, 701 F.2d 556, 560 (5th Cir. 1983). Because conversion is a cause of action that could have been raised in the first lawsuit, plaintiff is barred by *res judicata* to bring it up again in this current lawsuit before the Court. *See Lubrizol Corp.*, 871 F.2d 1279, 1287 (5th Cir. 1989).

Having reviewed the test for determining the applicability of *res judicata*, the Court is satisfied that they have been met. As such, the Court must decide whether Plaintiff should have brought its claims in the previous proceedings. *Cisco Systems*, 301 F. Supp. 2d at 604. Plaintiff knew Mr. Pearce was trustee for the PACA trust assets giving rise to the action under that statute in the first suit, and brought near-identical claims in that proceeding. *Pl.'s Compl*. at 2-5. Therefore, it appears to the Court that Plaintiff should have brought its claims in the previous proceedings.

### III.   Conclusion

Based on the foregoing analysis of facts and legal principles, the Court concludes that the Plaintiff's motion should be, and hereby is, **DENIED WITHOUT PREJUDICE.** In light of the Court's denial of Plaintiff's motion, the Court nevertheless finds that Plaintiff should be afforded an opportunity to brief the Court on whether the factual and legal alignment between this case and the previous case presided over by Chief Judge Fitzwater properly results in the application of *res*

8

*judicata.* It is therefore ORDERED that Plaintiff shall file a brief explaining why this action should not be dismissed through proper application of res judicata by **5:00 p.m. on January 26, 2010**.

      SO ORDERED on this 14th day of January, 2010.

                                          _____
                                          Reed O'Connor
                                          **UNITED STATES DISTRICT JUDGE**